And for the record, the next is again in re Bocalan EC25-1212. And if I may just check in with the interpreter, do I need to slow down? Am I speaking too quickly for for your services? A little bit wouldn't wouldn't wouldn't hurt us. Okay, appreciate it. Thank you. I want to be conscious of that. Thank you. All right, and it looks like we have no appellate participating in this 1 because it looks like the trustee submitted on the brief. So again, Mr starter, you'll have your 15 minutes. Thank you if I can have just 1 moment, I'm having trouble. I want to make sure I have the correct notes pulled up before a. Okay, very good. Thank you. Right, whenever you're ready, please begin. Okay. This appeal concerns whether a bankruptcy court may authorize the forced sale of a family home over the objection of a co owner who purchased the property. Paid its costs for years and has a documented equitable ownership interest. All because legal title was placed solely in the debtor's name. The bankruptcy court summary judgment failed to account for Valerie Spears cognizant cognizable property rights. She's not a stranger to this property. She's a co owner. The 1st issue is whether the bankruptcy court erred in granting summary judgment. Essentially, summary judgment was improper because they were genuine disputes of material fact. How did she present that? Pardon? How did she present the facts that she actually owned the residence? Where did she supply the information to the trial court to the bankruptcy court that suggested other than her argument? Where did she have any evidence that she presented that suggested that that was true in response to the motion for summary judgment? I believe that trial itself there was testimony. I read each of the briefs that she filed in the trial court. There's nothing in any of them that supports any documents or any assertions of fact. Other than her conclusion that she was a co owner. There is nothing in the record that supports any of these assertions. So I'm asking you, where do you find it? I find it particularly in Boakland's admission that she was a co owner. But that was not presented to the trial court in response to the motion for summary judgment. That I can't point to an individual. That's because it doesn't exist. That's the problem with this appeal. She presented nothing. She made a bunch of conclusory allegations and then she was upset that the court granted summary judgment for the trustee. But the trustee actually had facts. It had a deed. It had, you know, it had it had other elements of these claims that it asserted, documented. The court went through it in its analysis and its decisions. There was nothing presented by Ms. Boakland. I'm sorry, by Ms. Spears that refuted the trustee's allegations of fact. But Boakland's own admissions were that it was placed in error by fraudulent action. That this was a misrepresentation of the title. That he himself admitted that this was an unintentional result. Right, but he was the only one on the deed. Is that correct? Yes. Okay, so even if she had an equitable interest, a Chapter 7 trustee is going to take free of that as a bona fide purchaser under the bankruptcy code. Isn't that right? Yes, although an equitable interest is not extinguished simply without legal title. There are laws that allow for trust or consecutive trust to rise out of property purchases. Right, that's true in state court, but it's not effective as against a bankruptcy trustee. Again, I would just point to Mr. Boakland's own admissions that she did have title and he admitted to that. In any case, summary judgment was premature. The record was incomplete and the bankruptcy court ruled on record that legal title was in Boakland's name only. But this ignores the factual record of her equitable interest. Its summary judgment was inappropriate because the non-moving party produced significant interest or at least a genuine dispute. I believe that Mr. Boakland's testimony raised a genuine dispute. All right, but even if he said that, I'll take as an article of faith that he actually said she was an equitable owner. But how is that binding as against a bankruptcy trustee who takes as a bona fide purchaser, regardless of what knowledge the debtor had about equitable interests? Because the title was encumbered by her equitable interest, I believe it. Right, but that wasn't of record and the trustee takes essentially what is of record under the bankruptcy code. I'll submit on that, I guess. In addition, the trustee moved under Section 363H. If she did have an ownership interest, the trustee only moved for authority to sell both her and Mr. Boakland's interest and reserve the proceeds to be determined at a later date if she could assert an equitable interest in the proceeds. There's nothing that's improper about that under the code, is there? No, not strictly speaking. But again, her equitable interest should be analyzed and the merits weren't reached on whether that interest was actually established. Correct. The merits were not reached. The trustee reserved the issue and said that she has the right to come into court and approve that she has some kind of equitable claim. He just wants authority to sell. There's nothing wrong with that. And she may have a claim and maybe an unsecured claim for whatever equitable rights that she has. That's not been decided against her at this point. If she has a claim, she can make her claim. And to the extent that there's payment that reaches that class of creditor, she may receive a distribution on account of that claim. But it doesn't mean that the trustee can't take the property and sell it because the trustee takes based on what the record is at the time. You can't establish an equitable right and property as against a bankruptcy trustee after the case has been filed. Right. But the trustee may only sell if there is – if the co-owner's interest in – excuse me. The trustee may sell both the estate and the co-owner's interest in property, but there are factors under 363H that I believe are established in the record in Valerie's favor. Which would have precluded the sale? She didn't raise any factors. She didn't raise any argument other than this is a fraudulent bankruptcy case. The trustee is acting inappropriately. The trustee is not responding to my claims. But she's not presenting any facts or circumstances in opposition to anything that the trustee is asserting in motion for summary judgment. Well, I could turn to the rate of assistance, which should have been issued for Valerie's property rights. If I may speak to that issue. A rate of assistance authorizing a U.S. marshal to forcibly remove Valerie from her home should not have been issued while her equitable ownership claim remained unresolved, and at least on appeal. The rate of assistance was an extreme remedy. It is an essential – in essence, a federal eviction order. Issuing it against a co-owner, which again, by trial record, she was, as opposed to a trespasser or holdover tenant, before full adjudication of that property owner's interest, was an extraordinary step that demands a full developed record. The appeal itself demonstrates that the record is incomplete. The Board of Appeals denied the trustee's motion to dismiss this appeal in February 2026, confirming that the appeal raises colorable issues. If the panel agrees that there are general disputes of material fact, then the rate of assistance was premature. And I would just point out that the hardship is irreversible. Once Valerie is removed from the property and it's sold, there's no undoing those actions. The weight of these burdens is strongly in her favor. The harm to Valerie, her children, the children's school, and stability cannot be remedied later by money alone. The equitable considerations weigh heavily against enforcement of the writ pending full resolution of her ownership rights. Again, there is a colorable question of fact, which should have been adjudicated, should be adjudicated fully. Lastly, you know, I think we've discussed Boakland's own admissions and conduct, which rises to fraud and misrepresentation, which undermines the claims or undermines, certainly, the appellant's, Ms. Speer's efforts and ability to respond to the claims, given that there was fraud apparent in the court at the time. She was fighting an uphill battle and, at the time, unable to fully litigate these issues. In closing, Valerie Speer, let me check my time, we have six minutes. I'd like to point out that Valerie Speer co-purchased this home in 2028. She paid every bill since 2023. She raised her children there, and Boakland admitted under oath that she is an equal owner. He signed a written agreement saying the title was recorded in his name only, and I quote, in error or by fraudulent action. The bankruptcy court granted summary judgment without fully adjudicating these facts. Appellant respectfully requests that this court reverse the summary judgment, vacate the writ of assistance, and remand for full adjudication of Valerie Speer's equitable ownership interest before any sale of her home. Thank you. All right. Thank you for your argument. This matter will be submitted, and we will issue a decision promptly. Madam Clerk.
judges: Brand, Gan, and Pearson